BRIN BROTHERS *v.* LYON BROTHERS.

Opinion delivered June 6, 1921.

1. SALES—DUTY TO INSPECT WITHIN REASONABLE TIME.—Where the buyer on receipt of goods wrote to the seller that they had been prematurely shipped and would not be opened until the buyer's customers got in their cotton, and, upon receipt of the seller's letter in response written a month later, the buyer opened the goods and rejected them as unequal to the sample, the seller can not contend that the buyer should have inspected the goods earlier.

2. ACCOUNT STATED—ACQUIESCENCE IN ACCOUNT.—Where, on receipt of goods purchased by sample, the buyer stated that the goods were shipped prematurely, and would not be opened for some time, such letter did not constitute an acquiescence in the seller's statement of the account nor entitle the seller to recover as on an account stated, though the goods were inferior to sample.

3. APPEAL AND ERROR—ISSUE NOT PRESENTED BELOW.—An issue of account stated, not presented in the trial court, can not be insisted upon for the first time on appeal.

Appeal from Faulkner Circuit Court; *Geo. W. Clark,* Judge; affirmed.

*Holland & Edmonson,* for appellant.

1. The evidence is conclusive that the goods were shipped as ordered.

2. Appellants were guilty of no fraud. It was not the manufacturer of the goods, and the buyers had ample opportunity of inspection within ten days, as stated specifically in the bill rendered, and since the buyer exacted no express warranty, and, there being no implied wraranty as to quality, the maxim *"caveat emptor"* applies, and appellees are liable for the amount sued for.

Instructions Nos. 1 and 3, asked by plaintiff, should have been given, and it was error to refuse them. They are the law and were covered by none given.

3. A request for payment and a promise to pay amount to an account stated (21 Ark. 420), and instruction 4 for appellant should have been given.

4. Instruction No. 6, asked by appellant, should have been given without modification.

5. Upon the whole case the verdict is against the law and the evidence, and judgment should be entered here for appellant.

*R. W. Robbins,* for appellees.

1. No bill of exceptions was ever filed in this case, and the record is incomplete, and the presumption, upon the pleadings, is that the evidence sustains the verdict. 59 Ark. 178; 126 *Id.* 118.

2. Appellants have not filed any proper abstract as required by rule 9, and the appeal should be dismissed. 101 Ark. 252.

3. No error was committed by the lower court, and the evidence sustains the verdict. The right of the vendee to reject goods which do not come up to sample is settled. 143 Ark. 413. No proper exceptions were saved to the instructions by appellant, and the verdict is sustained by a great preponderance of the evidence.

HUMPHREYS, J. Appellants, a firm of importers residing in Dallas, Texas, instituted suit against appellees, a firm of merchants residing in Republican, Arkansas, in the Faulkner Circuit Court, to recover $408.47, representing the price of laces and other notions ordered by appellees from appellants on the 5th day of August, 1920, and shipped by parcels post on the 22d day of said month.

Appellees interposed the defense that the merchandise delivered was not equal in quality to the samples exhibited when the order was made, and the return thereof within a reasonable time after discovering the defects.

The cause was submitted upon the pleadings, evidence and instructions of the court, which resulted in a

verdict and judgment against appellants, from which an appeal has been duly prosecuted to this court.

The evidence adduced on behalf of appellants tended to show that merchandise, corresponding to the samples exhibited to appellees by appellants' salesman when the order was made, on the 5th day of August, 1920, was shipped by appellants to appellees on the 22d day of said month; that subsequently a statement of the account, covering the shipment, was mailed by appellants to appellees; that, on September 10, 1920, in response to the statement of account, appellees wrote appellants the following letter:

"We are in receipt of your statement asking us for payment. We call your attention to the fact that when we bought these goods from your salesman we told him that we didn't need the goods for a while, that we wanted them for our fall business, but you shipped the goods at once.

"This is to advise you that we have the merchandise here in our house, haven't never looked at it as we didn't want to open it up until our customers got out some cotton so that they would have some money to pay for what they got. We are going to ask that you give us some time until our customers get some cotton out." On the 23d day of October, 1920, appellees again wrote appellants as follows:

"Answering your registered letter dated 19th, will say that we have today opened up your merchandise we bought from you, and this is to advise you that they didn't open up to our satisfaction, as some of the goods seemed to be much cheaper merchandise than we bought.

"Owing to cotton conditions this fall, we never opened up your goods until a few days ago, and it seems to us also you prefer putting us out of business. This is to advise you that we are today returning to you every dollar's worth of your goods you shipped us, and as to the future we don't want to buy anything from you. Goods shipped by express."

That the price of the goods decreased considerably between the 5th of August and the 29th day of October, 1920.

The evidence adduced on behalf of appellees tended to show that, when the order for the merchandise was given, on the 5th day of August, it was understood that shipment should not be made until later in the season; that, when the goods arrived, appellees received, but did not open and inspect, them, and, shortly after receiving them, wrote the letter of September 10, 1920, to appellants; that, two or three days before writing the last letter aforesaid, the goods were retained unopened in the store of appellees until two or three days before appellees wrote the letter of date October 23, 1920, to appellants; that two or three days before writing the last letter, appellees opened the goods and shipped them back to appellants by express, on the 29th day of said month.

The cause was submitted to the jury upon the theory that appellants could not recover if the goods were inferior to the samples exhibited when the order was made, provided the appellees rejected them within a reasonable time after they should have been delivered under the contract. The instructions given by the court, presenting these questions of fact for determination by the jury, were not objected to by appellants. For that reason, the substance, as well as the form, of the instructions must be regarded as correctly presenting the issues of fact for determination by the jury, involved in the theory upon which the cause was submitted.

Appellants, however, presented instructions which the court refused to give, over their objections and exceptions, embodying the idea that the duty rested upon appellees of inspecting and rejecting the goods within a reasonable time after receiving same, if they did not conform to the samples exhibited when the order was made. We think this theory untenable, in view of the fact that there was evidence tending to show the goods were prematurely shipped, when regarded in connection

with the contents of the letter written by appellees to appellants of date September 10, 1920. In that letter the attention of appellants was called to the fact that, according to the contract, the goods had been prematurely shipped; that they were in the house unopened, and that appellees did not want to open them until their customers got out some cotton so that they would have money with which to buy them. A direct request was also made in the letter that time be granted them until their customers got their cotton out. So far as the record shows, no answer was made by appellants until the 19th day of October. Appellants, therefore, silently acquiesced in the goods remaining in appellees' store unopened until that date. Appellants' own conduct clearly estopped them from asking instructions to the effect that appellees were bound to inspect and reject them, if inferior to sample, within a reasonable time after receiving the shipment. We think the cause was submitted to the jury upon the correct theory.

Appellants insist that they should have been permitted to recover as upon an account stated; that, on August 22, they presented an account for the goods to appellees, which was not disputed, but, in effect, acknowledged as being correct by appellees in letter of date September 10, 1920. We do not so interpret the letter. The letter informed appellants that the goods had been ordered by agreement for fall trade, and had been prematurely shipped; that they had not been opened and would not be until later. The letter at most was an admission of liability upon condition that the goods should conform to the samples when inspected. The facts surrounding the transaction do not render the account presented on August 22 an account stated. Again, the issue of an account stated was not presented or insisted upon in any form in the trial court, and can not be insisted upon for the first time on appeal.

No error appearing, the judgment is affirmed.